# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| CLEVERLY LOCKHART, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CAUSE NO.: 3:16-CV-841-TLS |
| MARK SEVIER, *et al.*, | ) |  |
| Defendants. | ) |  |

## OPINION AND ORDER

Cleverly Lockhart, a prisoner proceeding *pro se*, filed a Civil Rights Complaint [ECF No. 1], alleging that Robert Eutz, a supervisor at the Miami Correctional Facility (Miami) assaulted him during an argument on December 26, 2013. He further alleges that Miami officials, Mark Sevier and Lorna Harbaugh, ignored the assault, effectively condoning it. Lockhart brings both State and federal claims.

"A document filed pro se is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

As a threshold matter, it is too late for Lockhart to assert any federal claims. He signed his Complaint on November 21, 2016, nearly three years after his claims arose. Although the statute of limitations is an affirmative defense, dismissal is appropriate where the complaint makes clear that the claims are time barred. *Cancer Found., Inc. v. Cerberus Capital Mgmt., LP*,

559 F.3d 671, 674 (7th Cir. 2009). Indiana's two-year limitations period applies to his § 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, Lockhart's federal claims are untimely.

Although it is usually necessary "to give *pro se* litigants one opportunity to amend . . . that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013) and *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Here, Lockhart brought his federal claims nearly a year after the statute of limitations expired and no amendment could cure that defect.

With the federal claims dismissed, the court turns its attention to Lockhart's state law claims. Lockhart alleges the Defendants violated his state constitutional rights under Article 1, Sections 15, 16 and 18 of the Indiana Constitution. This Opinion does not purport to adjudicate any such claims. Instead, the Court will dismiss these claims without prejudice should Lockhart wish to pursue them in state court. *See Doe-2 v. McLean Cnty. Unit Dist. No. 5 Bd. of Dirs.*, 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The Court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim the Plaintiff may have.

For these reasons, the federal claims contained in the Complaint [ECF No. 1] are **DISMISSED** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the

complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

SO ORDERED on January 3, 2017.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION